## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICHOLAS MICHAEL TATE,

        Petitioner,

    v.

ROBERT MARSH,

        Respondent.

No. 4:19-CV-00157

(Chief Judge Brann)

## MEMORANDUM OPINION

### SEPTEMBER 29, 2021

*Pro se* Petitioner Nicholas Michael Tate ("Tate"), who is incarcerated in the State Correctional Institution-Benner Township ("SCI-Benner Township"), filed a petition for writ of habeas corpus seeking relief from a criminal conviction and sentence in the Dauphin County Court of Common Pleas. The petition is ripe for disposition. For the reasons set forth below, the petition will be denied.

## I.   BACKGROUND

The Pennsylvania Superior Court has succinctly summarized much of the relevant factual background and procedural history.[1] On May 16, 2016, Tate pleaded guilty to possession with intent to deliver a controlled substance, possession of drug paraphernalia, receiving stolen property, illegal possession of a firearm, flight to avoid apprehension, and tampering with or fabricating evidence

---

[1]   *See Commonwealth v. Tate*, No. 1299 MDA 2017, 2018 WL 1918458, at *1 (Pa. Super. Ct. Apr. 24, 2018).

in the Dauphin County Court of Common Pleas.[2]  He was sentenced to three to six

years imprisonment.[3]  The Superior Court provided the following summary of the

facts relevant to Tate's conviction, which stemmed from two different criminal

cases in the trial court:

> We summarize the material facts leading to the charges at docket CP–22–CR–0006613–2015 as follows. On August 22, 2015, Appellant was involved in an automobile accident while driving along South Oak Grove Road in West Hanover Township, Dauphin County. Witnesses at the scene of the accident indicated that they observed Appellant throw a small plastic baggie into a line of trees. The witnesses directed the police to the baggie, which contained 121 grams of marijuana. Appellant was severely injured in the accident and consequently, transported to Hershey Medical Center (Hospital). Hospital staff later contacted the police to inform them that they had recovered an additional 122 grams of marijuana from four plastic baggies found in Appellant's backpack.
>
> The pertinent facts leading to the charges at docket CP–22–CR–0000423–2016 are as follows. On January 1, 2016, Appellant's great aunt, Karen Symonds (Symonds), reported to the Derry Township Police that she believed Appellant was selling drugs out of her house in Dauphin County. On January 2, 2016, Symonds brought marijuana to the police that she claimed belonged to Appellant. The police obtained a search warrant for Symonds' home based on this information. On January 3, 2016, the police executed the search warrant at which time Appellant attempted to flee the home. The police were ultimately able to detain Appellant. Upon searching the premises, police recovered several guns, ammunition (including hollow point rounds), marijuana, packaging material, four cellphones, a bulletproof vest, and 11 letters regarding drug sales and other illegal activity.[4]

Tate did not initially file a direct appeal of his conviction and sentence, but

on March 24, 2017, he filed a petition to reinstate his direct appeal rights.[5]  The

trial court granted the petition on June 2, 2017, and directed Tate to file any post-

trial motions within ten days and any appeals to the Superior Court within thirty

---

[2]   *Id.*
[3]   *Id.*
[4]   *Id.*
[5]   *Id.*

days.[6]  Tate timely moved in the trial court to withdraw his guilty plea and timely

appealed to the Superior Court.[7]  The trial court denied the motion to withdraw the

guilty plea on August 10, 2017.[8]

On appeal to the Superior Court, Tate raised three grounds for relief: (1) that

his guilty plea was unlawfully induced by the ineffectiveness of counsel; (2) that

his guilty plea was not knowing, voluntary, and intentional because he was under

the influence of psychotropic drugs at the time of the plea; and (3) that the guilty

plea was coerced because he felt pressure to plead guilty.[9]  The Superior Court

affirmed Tate's judgment of sentence, concluding that Tate's ineffective assistance

of counsel claim was not ripe until collateral review and that no evidence of record

supported Tate's other claims.[10]  Tate filed a petition for allowance of appeal to the

Pennsylvania Supreme Court, which denied the petition on October 9, 2018.[11]

Tate did not file any subsequent petitions for state collateral relief under

Pennsylvania's Post-Conviction Relief Act ("PCRA").[12]

Tate initiated the present case through a petition for writ of habeas corpus

under 28 U.S.C. § 2254 in the United States District Court for the Western District

---

[6]  *Id.* at 2.

[7]  *Id.*

[8]  *Id.*

[9]  *Id.*

[10]  *Id.* at 2-4.

[11]  *Commonwealth v. Tate*, 195 A.3d 558 (Pa. 2018).

[12]  *See* Doc. 1-2; *Commonwealth v. Tate*, No. CP-22-CR-0006613-2015 (Dauphin Cty. filed Nov. 23, 2015); *Commonwealth v. Tate*, No. CP-22-CR-0000423-2016 (Dauphin Cty. filed Feb. 1, 2016).

3

of Pennsylvania on January 8, 2019.[13]  The case was transferred to this district on

January 28, 2019.[14]  Tate filed a brief in support of his petition on February 28,

2019, and Respondents filed a response to the petition on April 2, 2019.[15]  Tate has

not filed a reply brief in support of the petition, and the time for doing so has

expired under the Local Rules.  Accordingly, the petition is ripe for the Court's

disposition.

## II.    DISCUSSION

Tate's petition raises four grounds for habeas corpus relief: (1) that the

ineffective assistance of his plea counsel rendered his guilty plea involuntary,

unknowing, and unintelligent; (2) that a defective plea colloquy rendered his plea

involuntary, unknowing, and unintelligent because he was under the influence of

psychotropic drugs during the colloquy; (3) that misconduct by the prosecutor and

police rendered his guilty plea involuntary, unknowing, and unintelligent; and (4)

that he is actually innocent of the crimes for which he was convicted.[16]  In the brief

in support of his petition, Tate additionally argues that his plea was involuntary,

unknowing, and unintelligent because his plea counsel coerced and induced him

into pleading guilty by telling him that if he did not accept the government's

---

[13]   Doc. 1-2.
[14]   Doc. 3.
[15]   Docs. 9, 11.
[16]   Doc. 1-2.

4

proffered plea bargain, the case would be referred to "the Feds," which would result in him spending more time in prison and counsel's fees increasing.[17]

Respondents argue that habeas corpus relief should be denied with respect to Tate's ineffectiveness claim, his claim attacking the plea colloquy, his claim of prosecutorial and police misconduct, and his claim of actual innocence because those claims were not raised in state court.[18]  To the extent that Tate's petition challenges the voluntariness of his guilty plea, Respondents argue that the petition should be denied on its merits.[19]  I will analyze the issue of procedural default and the merits of the petition *seriatim*.

A.      **Procedural Default**

Under the procedural default doctrine, a federal court ordinarily may not consider a state prisoner's claim for habeas corpus relief if the claim has not been raised in state court in accordance with the procedural requirements of the state.[20] If a claim has not been fairly presented in state court but state procedural rules would clearly bar the petitioner from bringing the claim, exhaustion of state remedies is excused but the claim is subject to procedural default.[21]  In such a situation, the federal court may only reach the merits of the claim if the petitioner

---

[17]  Doc. 9 at 17-20.
[18]  Doc. 11.
[19]  *Id.*
[20]  *Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).
[21]  *Whitney v. Horn*, 280 F.3d 240, 252 (3d Cir. 2002) (citing *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000)).

shows either (1) cause for the procedural default and prejudice resulting from the alleged violation of federal law or (2) that a fundamental miscarriage of justice would occur if the federal court did not consider the claim on its merits.[22]

Several of Tate's claims were not raised in state court and are subject to procedural default because they are now barred by Pennsylvania procedural rules. Specifically, Tate's claim of ineffective assistance of counsel, his claim attacking the sufficiency of his plea colloquy, his claim of prosecutorial and police misconduct, and his claim of actual innocence were not raised in Pennsylvania state court,[23] and the deadline for raising those claims in a collateral petition under the PCRA has expired.[24]

Although Tate attempted to raise his ineffective assistance of counsel claim before the Superior Court on direct review from his conviction, the Superior Court declined to decide that claim on its merits because it was not ripe until collateral review.[25] Tate did not subsequently file a petition for state collateral review under the PCRA and accordingly failed to raise the ineffective assistance of counsel claim in accordance with Pennsylvania's procedural rules.

---

[22] *Id.* (citing *Lines*, 208 F.3d at 166); *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

[23] *See Tate*, 2018 WL 1918458, at *1-4.

[24] *See* 42 Pa.C.S. § 9545(b) (setting one-year limitations period for the filing of a PCRA petition, beginning on the date the judgment becomes final).

[25] *See Tate*, 2018 WL 1918458, at *2.

6

Tate does not specifically make any arguments as to why the Court should consider his procedurally defaulted claims, but he does raise an independent claim that he was actually innocent of the crimes for which he was convicted.  I will liberally construe this as an argument that a fundamental miscarriage of justice would occur if the Court did not consider the procedurally defaulted claims, because a petitioner may establish a miscarriage of justice if he can show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."[26]  Here, Tate argues that he has established his actual innocence because he "always maintained his innocence," because he moved to withdraw his guilty plea, because his fingerprints were not on any of the marijuana baggies, and because "the evidence used against him was unconstitutional."[27]

The Court finds that Tate has not established a fundamental miscarriage of justice that would allow consideration of the merits of his procedurally defaulted claims.  There was more than enough evidence for a reasonable finder of fact to find Tate guilty of the underlying offenses, including eyewitness accounts that Tate discarded a baggie of marijuana, recovery of several baggies of marijuana from his person, and recovery of guns, ammunition, marijuana, and drug paraphernalia from Tate's great aunt's house.[28]

---

[26]   *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).
[27]   Doc. 1-2 at 11.
[28]   *See Tate*, 2018 WL 1918458, at *1.

Therefore, I will deny habeas corpus relief as to Tate's ineffective assistance of counsel, plea colloquy, misconduct, and actual innocence claims because they are procedurally defaulted. My analysis proceeds to the merits of Tate's petition only to the extent that it challenges whether his guilty plea was knowing, voluntary, and intelligent.

### B.    Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which sets standards for the review of habeas corpus petitions brought by state prisoners. AEDPA states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[29]

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet."[30] Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute

---

[29]   28 U.S.C. § 2254(d).

[30]   *Mays v. Hines*, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).

for "ordinary error correction through appeal."[31]  "Federal habeas courts must defer

to reasonable state-court decisions,"[32] and may only issue a writ of habeas corpus

when the state court's decision "was so lacking in justification" that its error was

"beyond any possibility for fairminded disagreement."[33]

In this case, the Superior Court considered on the merits Tate's claim that

his guilty plea was not knowing, voluntary, and intelligent.[34]  The Superior Court

considered the record of Tate's plea colloquy and concluded that Tate had received

a full and proper plea colloquy.[35]   The Superior Court also noted that during the

colloquy, Tate confirmed that he understood the nature of the charges against him,

the factual basis for the plea, the permissible ranges of sentences for the charged

offense and the fact that he was giving up his right to be presumed innocent and his

right to a trial by jury.[36]  Based on this information, that court concluded that "the

record supports the trial court's determination that Appellant entered a knowing,

voluntary, and intelligent guilty plea and that he failed to demonstrate a manifest

injustice warranting the withdrawal of his plea."[37]

---

[31]   *Harrington*, 562 U.S. at 102-03 (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)).

[32]   *Dunn v. Reeves*, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021).

[33]   *Mays*, 141 S. Ct. at 1149 (quoting *Harrington*, 562 U.S. at 102).

[34]   *Tate*, 2018 WL 1918458, at *3.

[35]   *Id.*

[36]   *Id.*

[37]   *Id.*

The Superior Court also considered Tate's claims that psychotropic medications precluded him from entering a knowing, voluntary, and intelligent guilty plea and that his plea counsel coerced him into pleading guilty.[38]  Tate raises both of these arguments in support of his petition before this Court, and I will consider the arguments below.

### 1.    Tate's Psychotropic Drugs Argument

Tate argues that his plea was not knowing, voluntary, and intelligent because he was under the influence of psychotropic drugs during the colloquy and because he was coerced into pleading guilty by his counsel.[39]  With respect to the psychotropic drugs claim, he asserts that he "had serious mental health problems," including paranoid schizophrenia and bipolar disorder, and that he was on "substantial medications," including "Neuraton, Trazadone, Serequel, Abilify and Zeprexa."[40]  "Thus," Tate argues, "a mental health evaluation or a competency evaluation[] should have been performed or requested by Counsel or the Court sua sponte, as he was unconstitutionally impaired to enter a plea or to communicate rationally with his defense counsel."[41]

The Superior Court considered this argument on the merits and concluded that there was no evidence in the record to support Tate's assertion that

---

[38]  *Id.* at 3-4.
[39]  Doc. 9 at 20, 29.
[40]  *Id.* at 29.
[41]  *Id.*

psychotropic drugs precluded him from entering a knowing, voluntary, and intelligent guilty plea.[42]  To the contrary, that court noted that during the colloquy, the prosecutor stated that Tate "had a history of mental health problems," but that "his demeanor and social interactions had substantially improved" since he had been incarcerated and regularly taking his medications.[43]  The Superior Court continued:

> At no point during this discussion did Appellant claim that these medications impacted his ability to make a knowing, voluntary, and intelligent plea.  In fact, he thanked the prosecutor for his remarks.  If anything, the prosecutor's comments demonstrate that the medications aided Appellant in making a knowing, voluntary, and intelligent plea.[44]

I find that the Superior Court's decision on this issue was reasonable and was not contrary to clearly established federal law.[45]  Although Tate asserts that counsel or the court should have requested a competency hearing to determine whether the medications he was taking affected his ability to knowingly, voluntarily, and intelligently plead guilty, his statements during the plea colloquy indicated that the medications were not affecting him in such a way and that a competency hearing therefore would not be necessary.[46]  Tate does not dispute the accuracy of the transcript of the plea colloquy or offer any other evidence to indicate why the testimony during the plea colloquy should be disregarded.  I

---

[42]  *Tate*, 2018 WL 1918458, at *3.
[43]  *Id.*
[44]  *Id.* (internal citation omitted).
[45]  *See* 28 U.S.C. § 2254(d).
[46]  *See Tate*, 2018 WL 1918458, at *3.

11

accordingly find the Superior Court's decision on this issue reasonable and will reject Tate's argument for habeas corpus relief.

### 2.    Tate's Coercion Argument

Tate's remaining argument is that his plea was not knowing, voluntary, and intelligent because he was coerced into pleading guilty by his counsel's statements that the case would be referred to "the Feds" if he did not plead guilty.[47]

The Superior Court considered this argument on its merits and concluded that no evidence of record supported Tate's argument.[48]  In fact, as with the psychotropic drugs argument, the court found that Tate's statements during the plea colloquy directly rebutted his argument:

> At his guilty plea hearing, Appellant specifically indicated that he was satisfied with the representation of his counsel.  Moreover, when asked if "anyone threatened, coerced you, or made any promises to you other than the plea agreement we reached to get you to enter into this plea today," Appellant responded in the negative.  When asked if he was "entering into this plea of your own freewill," Appellant responded "Yes, sir."  Appellant never indicated during the hearing that counsel coerced him into pleading guilty, and he has not subsequently provided any evidence of coercion.  "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled."  ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012).  Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's motion to withdraw his guilty plea.[49]

---

[47]   *See* Doc. 9 at 20.
[48]   *Id.* at 4.
[49]   *Id.* (alterations and internal citations to the record omitted).

Before this Court, Tate argues that habeas corpus relief should be granted because he said that counsel had made the statements to him, "there was no counter assertion by the Commonwealth, or Counsel," and "the Court indicated that it is quite probable that such statements were made to [Tate] prior to the acceptance of the Plea."[50]

Tate's argument is belied by the Superior Court's opinion.  Contrary to Tate's argument, the court did not indicate that counsel likely made the relevant statements to Tate.  Rather, the court noted that Tate had not offered any evidence of coercion during the plea colloquy and had not done so at any point after the colloquy.  Based on the lack of evidence of coercion and Tate's statements during the colloquy that he was entering into the plea of his own free will and had not been pressured into doing so by another person, the court upheld the trial court's decision denying the motion to withdraw the guilty plea.  We find that the Superior Court's decision was reasonable and was not contrary to clearly established federal law, and we will accordingly deny habeas corpus relief.

## III.   CONCLUSION

For the foregoing reasons, Tate's petition for writ of habeas corpus will be denied with prejudice.  A certificate of appealability will not be issued because no

---

[50]   Doc. 9 at 20.

reasonable jurist would disagree with our ruling or conclude that the issues

presented are adequate to deserve encouragement to proceed further.[51]

An appropriate Order follows.


BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge

---

[51]   *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).